**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**AMIR, REZA, AND FARNAZ DOE,**

      **Plaintiffs,**

          **v.**

**THE ISLAMIC REPUBLIC OF IRAN,** *et al.*,

      **Defendants.**

**Civil Action No. 24-2410 (JEB)**

---

## MEMORANDUM OPINION AND ORDER

Plaintiffs, a direct torture victim and his parents, have sued the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, the National Iranian Oil Company, and the National Iranian Tanker Company. See ECF No. 1 (Compl.), ¶¶ 1, 47–91. Plaintiffs bring claims of severe personal injuries and irreparable harm resulting from hostage taking, torture, and other torts allegedly perpetrated by Defendants. Id., ¶¶ 47–85. Plaintiffs now move to proceed using pseudonyms. See ECF No. 2 (Mot.).

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"). The Court also refers to Plaintiffs by their first names to avoid confusion and not out of any disrespect.

## I.  Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial

proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal

Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to

proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need

for such secrecy, and identifying the consequences that would likely befall it if forced to proceed

in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court

must "'balance the litigant's legitimate interest in anonymity against countervailing interests in

full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed

Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the
> annoyance and criticism that may attend any litigation or is to preserve privacy in a
> matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the
> requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to
> proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

At this early stage, Plaintiffs have met their burden to show that the privacy interests at

stake outweigh the public's presumptive and substantial interest in learning their identities.

First, as the Complaint makes clear, Plaintiffs seek to proceed under pseudonyms not

"merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve

privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed

Case, 931 F.3d at 97) (alteration in original).  The Complaint discusses the torture — at times in

great detail — that Amir Doe experienced while detained, and that his siblings, Maryam and

Arash Doe, faced as a result of Amir Doe's fleeing the country.  See Compl., ¶¶ 18–19, 24, 26–

32, 34–35, 37–38.  The pleadings thus reveal "highly emotionally charged" information about

them and their family.  See Mot. at 3.

The second factor, which concerns the "risk of retaliatory physical or mental harm" to

Plaintiffs and to "innocent non-parties," also counsels granting the Motion.  See In re Sealed

Case, 971 F.3d at 326 (internal quotation marks and citation omitted).  Public disclosure,

Plaintiffs assert, would result in a risk to their personal safety.  See Mot. at 4.  They claim that

"Iran has a documented history of harassment and retaliation against individuals who challenge

the government," and they thus fear that revealing their names could risk their safety.  Id.

To be sure, Plaintiffs do not attach an affidavit supporting these claims, cf. Sponsor v.

Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of

motion), and "[d]iscovery may well render [their] concerns unsupported and unwarranted."

Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023).  At this early stage,

however, the Court finds that the allegations in the Complaint are sufficient to establish that

revealing Plaintiffs' names publicly in connection with this litigation poses a risk of future

retaliation.  This factor therefore supports permitting Plaintiffs to proceed under pseudonyms.

The third factor — "the ages of the persons whose privacy interests are sought to be

protected," In re Sealed Case, 931 F.3d at 97 — supports proceeding under pseudonyms, too.

Although Plaintiffs are adults, Reza and Farnaz are grandparents, and they claim that their

retaliation concerns extend to their minor grandchildren currently residing in Iran.  See Mot. at 4.

Given the close link between grandparents and their grandchildren and that members of the Doe

family have allegedly been harmed based on their familial ties, see, e.g., Compl., ¶¶ 3–4, 23–24, the age of the minor children in these families places this factor in favor of Plaintiffs' Motion.

The fourth factor also adds some weight to the scale supporting non-disclosure.  Plaintiffs have sued only foreign governmental actors, and "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").  Although Plaintiffs allege serious wrongdoing on the part of Iranian state actors and "the public has a strong interest in monitoring . . . the positions that its . . . officials and government agencies take in litigation," Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) (citation omitted), the public will be able to vindicate that interest here regardless of whether Plaintiffs use pseudonyms because they have filed their lawsuit on the public docket, not under seal.  The fourth factor, accordingly, supports their Motion.

The fifth and final factor weighs against granting Plaintiffs' Motion.  Defendants would suffer a slight risk of unfairness if the Motion were granted, given that they will not know the identities of Plaintiffs and will thus be litigating against an anonymous party.  Plaintiffs, however, fear further retaliation from Defendants if their names were to be released.  See Mot. at 4.  Defendants also remain free to request any further information they deem necessary to the full and fair defense of the case, and Plaintiffs remain free to object.

In sum, although the fifth factor supports disclosure, the remaining factors heavily favor permitting Plaintiffs to proceed under pseudonyms at this stage.  See In re Sealed Case, 931 F.3d at 96.

Plaintiffs further request that their addresses be omitted from the case.  Local Civil Rule 5.1(c)(1) already permits a party who does not want its address on the public docket to omit the address and simultaneously file under seal a notice containing its full address.  Given the retaliation risk described above, the Court will allow Plaintiffs to file their addresses on the docket *ex parte* and under seal.

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket:

    i.   A pseudonymous version of their [2] Motion and any attachments; and

    ii.  A declaration containing their real names and residential addresses, filed *ex parte* and under seal.


/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date:  August 30, 2024